UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 00-4356

CHRISTOPHER RICHARDSON,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-99-257)

Submitted: December 17, 2001

Decided: December 28, 2001

Before WIDENER, NIEMEYER, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Martin T. McCracken, Charlotte, North Carolina, for Appellant. Benjamin H. White, Jr., United States Attorney, Steven H. Levin, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Christopher Richardson seeks to appeal his conviction and 170 month sentence imposed pursuant to his guilty plea to possession with intent to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(A) (West 1999 & Supp. 2001). Richardson's appellate counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and Richardson has filed a pro se brief asserting additional issues.

First, Richardson asserts his counsel in district court provided ineffective assistance, and that this ineffective assistance invalidated Richardson's plea agreement waiver of appellate rights. The record does not conclusively establish Richardson's counsel provided ineffective assistance. Accordingly, this claim is denied without prejudice to Richardson's right to reassert it in a post-conviction proceeding pursuant to 28 U.S.C. § 2255 (West Supp. 2001) upon the completion of direct appellate review of Richardson's conviction and sentence. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999), *cert. denied*, 528 U.S. 1096 (2000); *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).

Second, Richardson asserts his indictment was defective. We find no error in the indictment, and consequently, this claim is meritless.

Third, Richardson relies on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to challenge his indictment, sentence, and the constitutionality of 21 U.S.C.A. § 841 (West 1999 & Supp. 2001). Because Richardson's indictment was not defective, and because his sentence did not exceed the applicable statutory maximum, his challenges to his indictment and sentence are meritless. *Apprendi*, 530 U.S. at 490; *United States v. Promise*, 255 F.3d 150, 152-57 (4th Cir. 2001), *petition for cert. filed*, Sept. 20, 2001 (No. 01-6398). Moreover, Richardson's argument that *Apprendi* renders § 841(a) unconstitutional is foreclosed by our recent decision in *United States v. McAllister*, ___ F.3d ___, 2001 WL 1387341, *2-3 (4th Cir. Nov. 8, 2001).

In accordance with *Anders*, we have reviewed the entire record in this case and find no other meritorious issues for appeal. We deny Richardson's pro se motions for discovery and to supplement his pleading. We affirm Richardson's conviction and sentence, and deny counsel's motion to withdraw at this time. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*